United States District Court
Southern District of Texas
**ENTERED**
March 28, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 2:19-CR-00162-1 |
| | § | |
| CODY MICHAEL MATOUSEK | § | |

**FINDINGS AND RECOMMENDATION**
**ON PLEA OF GUILTY**

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On March 27, 2019, the defendant appeared with counsel before the undersigned Magistrate Judge and pleaded guilty to Count One (1) of the indictment pursuant to a written plea agreement. The defendant was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

    1.    The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

    2.    The defendant was advised that Count One (1) of the indictment charged him with conspiracy to transport undocumented aliens in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i). The defendant was advised that these sections of Title 8 make it unlawful for any person

knowing of the fact that aliens had come to, entered and remained in the United States in violation of law, to knowingly and intentionally conspire to transport said aliens within the United States in furtherance of such violation by means of a motor vehicle.

3. The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

4. The defendant was advised that the elements of the offense are: (1) That the defendant and at least one other person made an agreement to commit the crime of knowingly transporting an illegal alien within the United States in furtherance of the alien's unlawful presence; (2) That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and (3) That one of the conspirators during the existence of the conspiracy knowingly committed some act in furtherance of the conspiracy. The defendant was further advised of the elements of transporting aliens, the underlying offense.

5. The defendant was advised that the maximum possible sentence included a prison term of up to ten years plus a maximum fine of up to $250,000, and a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years.

The defendant also was advised that even if he received the maximum two year sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to a two year sentence again. The defendant was advised that this could happen multiple times until he had completed serving his term of supervised release.

The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction. The defendant was further advised a non-indigent person convicted of the instant offense will be assessed an additional $5,000 assessment. *See* the "justice for Victims of Trafficking Act of 2015", Pub. L. No. 114-22.

6. The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that he understood and

had discussed with his attorney how the guidelines might be calculated in his case and applied to him.

7. The parties announced they had reached a written plea agreement. The plea agreement is filed on the Court's electronic docket. The defendant signed the plea agreement, reviewed it with defense counsel and understood the terms of the plea agreement. The plea agreement included a promise that the United States would recommend maximum credit for acceptance of responsibility, a sentence within the applicable guideline range and a recommendation that any remaining counts be dismissed at the time of sentencing. The undersigned advised the defendant that if the Court does not follow the recommendation the defendant will not be allowed to withdraw his plea of guilty for that reason.

8. The plea agreement contained a waiver of his right to appeal and to file any petitions collaterally challenging his conviction. However, the defendant may raise a claim for ineffective assistance of counsel. The defendant stated that he had discussed the appeal waiver with his attorney and he understood that he was knowingly waiving his right to appeal the conviction and sentence.

9. The defendant was advised that if he is not a citizen of the United States, pleading guilty may subject him to removal from the United States, denial of admission to the United States or denial of citizenship.

The defendant stated that he had received a copy of the indictment, he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of conspiracy to transport undocumented aliens in violation of Title 8, United States Code, Sections

1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i) as alleged in Count One (1) of the Indictment. The defendant signed a written stipulation which sets forth the essential facts. The written stipulation establishes that the defendant is guilty and satisfies the elements of the offense.

The undersigned United States Magistrate Judge finds that the defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in Count One (1) of the indictment.

Respectfully submitted this 27th day of March 2019.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*